UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                     Case No. 3:18-cr-98

          Plaintiff,

    v.                                                               MEMORANDUM OPINION

Ronmetrius D. Scott,

          Defendant.

### I.  INTRODUCTION AND BACKGROUND

When a judge is tasked with determining whether a piece of evidence is admissible, the law consistently favors providing the judge with more information, rather than less, in the expectation "the judge should receive the evidence and give it such weight as his judgment and experience counsel." *United States v. Matlock*, 415 U.S. 164, 174 (1974). The omission of information "affecting [the] credibility" of a given witness unfairly places a thumb on the scale, particularly when the reliability of that witness's testimony "may well be determinative of guilt or innocence." *Giglio v. United States*, 405 U.S. 150, 154 (1972).

On August 7, 2018, I held a hearing on the motion of Defendant Ronmetrius D. Scott to suppress evidence obtained during and following a traffic stop of a vehicle Scott was driving. (Doc. No. 12). The government presented one witness, Toledo Police Officer Zack Peterman, who testified concerning evidence obtained pursuant to an inventory search of Scott's vehicle prior to the vehicle being towed. I denied Scott's motion following the hearing. (Doc. No. 24).

1

Prior to the hearing, Peterman had informed the government, upon inquiry, that he previously had been removed from the Toledo Police Department gang unit due to a pursuit violation. In preparation for trial, the government reviewed Peterman's Internal Affairs ("IA") file and learned Peterman's characterization of the 2016 incident was not true. (*See* Doc. No. 41, filed under seal). Further, the government learned Peterman had failed to disclose a separate 2017 IA investigation in which Peterman was suspended for 30 days after it was determined Peterman had kicked a handcuffed suspect while the individual was lying on the ground. The government also disclosed two additional incidents of misconduct involving the use of force against suspects and an incident in which Peterman failed to follow a department policy on proper court procedures, all of which occurred after Peterman's testimony at the suppression hearing.

As a result, Scott seeks to renew his motion to suppress. *See United States v. Raddatz*, 447 U.S. 667, 678 n.6 (1980) ("A district court's authority to consider anew a suppression motion previously denied is within its sound judicial discretion."). I conclude there is not sufficient evidence to establish the inventory search was permissible under the Fourth Amendment, and I grant Scott's motion.

## II. DISCUSSION

Officers may conduct an inventory search of a vehicle that is being impounded, without obtaining a warrant, in order to protect (1) "the owner's property while it remains in police custody," (2) "the police against claims or disputes over lost or stolen property," and (3) "the police from potential danger." *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). The inventory search "must be conducted according to standard police procedures." *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007).

As I previously noted:

> The Toledo Police Department maintains a standard operating guideline concerning the use of towing of motor vehicles. (*See* Gov't's Exhibit 5). That policy requires

>officers to impound a vehicle if the driver of the vehicle "has a Suspended Operator's License, regardless of the State that issued the suspension or regardless of the type of suspension." (§ 2.3.4, Ex. 5 at 3).

(Doc. No. 24 at 2-3).

The Supreme Court has "accorded deference to police caretaking procedures designed to secure and protect vehicles and their contents within police custody." *Colorado v. Bertine*, 479 U.S. 367, 372 (1987). The issue of whether Officer Peterman understood the towing policy, and whether he applied that policy in this instance "according to standard police procedures" and not "for purposes of investigation," *United States v. Hockenberry*, 730 F.3d 645, 659 (6th Cir. 2013) (quoting *United States v. Jackson*, 682 F.3d 448, 455 (6th Cir. 2012)), was pursued extensively during the August 7 suppression hearing. (*See* Doc. No. 31). My earlier ruling depended upon my conclusion that Peterman's testimony established that the inventory search "was conducted pursuant to and consistent with a written department policy." (Doc. No. 24 at 4).

That conclusion is no longer tenable. Peterman failed to disclose an incident in which he was formally disciplined for improperly using force against a handcuffed suspect, and perhaps even more troubling, failed to tell the truth concerning the one incident he did disclose. Though these omissions do not directly relate to the traffic stop leading to Scott's arrest, Peterman's failure to disclose the incidents, as well as the incidents themselves, raise grave questions about his level of compliance with departmental policies and his truthfulness. *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 433, (1995) (stating "favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'") (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

Further, his subsequent conduct – including the incident in which he failed to follow departmental procedures when he submitted an overtime request for time allegedly spent at a court

3

hearing that in fact had been cancelled – demonstrates a repeated willingness to ignore departmental policies as well as the law.

Peterman's failures to disclose information upon request, in combination with his subsequent conduct, lead me to conclude that I could not possibly rely on his repeated assertions during the August 7 hearing that he only searched the vehicle in adherence with the Toledo Police Department's towing policy. *See Hockenberry*, 730 F.3d at 659. Without other evidence to support the appropriateness of the inventory search, I cannot conclude the search falls within a recognized exception to the Fourth Amendment's warrant requirement.

### III. CONCLUSION

Accordingly, I have reconsidered my earlier denial of Scott's motion to suppress, (Doc. No. 12). The motion is granted, and all evidence obtained pursuant to the inventory search is suppressed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge